IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 1 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-01247-BNB

STEVE BUCHANAN,
    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp - Florence,
    Respondent.

## ORDER OF DISMISSAL

Applicant Steve Buchanan is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Buchanan initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on June 12, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On July 2, 2009, Respondent filed a Preliminary Response to Application for a Writ of Habeas Corpus arguing that Mr. Buchanan has failed to exhaust administrative remedies. Although he was given an opportunity to file a reply to the preliminary response, Mr. Buchanan has not done so.

The Court must construe the application liberally because Mr. Buchanan is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Buchanan first claims that prison officials at the Florence prison camp categorically are denying the review and transfer of eligible inmates to community corrections centers (CCCs) in violation of 18 U.S.C. § 3621(b). According to Mr. Buchanan, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. Mr. Buchanan alleges that he has sought and been denied consideration for a transfer to a CCC.

Mr. Buchanan also claims that prison officials at the Florence prison camp categorically are denying eligible pre-release inmates more than six months in a residential re-entry center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. Buchanan describes a "pre-release inmate" as an inmate with twelve months or less of his or her sentence remaining to be served. Mr. Buchanan contends that federal law allows pre-release placements in an RRC for up to twelve months. He identifies himself as a pre-release inmate and he states that he wants to spend the maximum amount of pre-release time in an RRC.

As noted above, Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Buchanan. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

According to Respondent, Mr. Buchanan has not filed any administrative remedy requests that relate to the claims he is raising in this action. As noted above, Mr. Buchanan has not filed a reply to the preliminary response. He concedes in the application that he has not exhausted administrative remedies.

Mr. Buchanan does assert in the application that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion would be futile. He contends that exhaustion would be futile because the BOP has predetermined the issue. Mr. Buchanan alleges in support of this contention that no inmate at the Florence prison camp has been granted an RRC placement longer than six months and that prison officials at the Florence prison camp categorically deny inmate requests for transfers to a CCC. Mr. Buchanan also refers to a BOP memorandum that allegedly limits RRC placements to six months absent unusual or extraordinary circumstances in support of his futility argument.

The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam).

3

"However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Buchanan fails to convince the Court that exhaustion of administrative remedies would be futile.

Mr. Buchanan's conclusory assertions that Florence prison officials have not granted any inmate at the Florence prison camp an RRC placement longer than six months and categorically deny inmate requests for transfers to a CCC are insufficient to demonstrate exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."). Of course, even if Florence prison officials categorically are denying maximum pre-release RRC placements to eligible inmates and categorically are denying inmate requests for transfers to a CCC, those facts alone would not demonstrate that exhaustion of administrative remedies is futile because the BOP administrative remedy procedure includes two levels of review beyond institution staff.

The BOP memorandum referenced by Mr. Buchanan also fails to demonstrate that exhaustion would be futile because Mr. Buchanan states that the memorandum allows for RRC placements that exceed six months in appropriate circumstances. The fact that those circumstances must be deemed unusual or extraordinary in order to warrant a placement greater than six months does not change the fact that RRC placements greater than six months are permitted.

In conclusion, the Court finds that Mr. Buchanan fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason. Nothing in the Court's file indicates that Mr. Buchanan cannot be

4

considered for a transfer to a CCC or cannot be considered for pre-release placement in an RRC for up to twelve months. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 11 day of Aug., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01247-BNB

Steve Buchanan
Reg No. 10115-073
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/11/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk